UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **JILL CARUSO**, Individually <br><br> Plaintiff, <br><br> v. <br><br> **NG20, LP,** a foreign limited partnership**,** <br><br> And <br><br> **Niki Olive Drive, LLC**, a foreign limited liability company <br><br> Defendant. | ) <br> ) <br> ) Case No. 3:21-cv-1286 <br> ) <br> ) <br> ) <br> ) Judge: <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, Jill Caruso, individually, (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, Owen B. Dunn, Jr. and Valerie J. Fatica, Co-Counsel for Plaintiff, hereby files this Complaint against Defendants, NG20, LP, a foreign limited partnership and Niki Olive Drive, LLC, a foreign limited liability company for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

### JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Jill Caruso, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12188(a), against the Defendants as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendants' violations of Title III of the ADA, 42

U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Northern District of Ohio as venue lies in the judicial district of the property *situs*. The Defendants' property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Jill Caruso ("Plaintiff"), is a Monroe County, Michigan resident, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendants NG20, LP and Niki Olive Drive, LLC own and operate a pharmacy known as Rite Aid, which is located at 5765 Secor Rd, Toledo, OH 43623 in Lucas County, Ohio. Plaintiff patronized Defendants' pharmacy most recently on June 15, 2021 and on previous occasions as a place of public accommodation.

6. Upon information and belief, the pharmacy owned and operated by Defendants is non-compliant with the remedial provisions of the ADA. As Defendants own, lease, lease to, or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendants are responsible for complying with the obligations of the ADA. Defendants' pharmacy, as a place of public

accommodation, fails to comply with the ADA and its regulations, as also described further herein.

7. Plaintiff, JILL CARUSO is diagnosed with spina bifida and qualifies as an individual with disabilities as defined by the ADA. Plaintiff uses a wheelchair for mobility. As such, she is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

8. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendants. Plaintiff desires to visit the Defendants' place of business again on future occasions.

9. The Defendants have discriminated against the individual Plaintiff by denying her access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

10. The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

11. A preliminary inspection of the pharmacy owned and operated by NG20, LP and Niki Olive Drive, LLC, has shown that many violations of the ADA exist. These violations include, but are not limited to:

Accessible Routes and Parking

A. Some designated accessible parking spaces do not have adjacent access aisles, in violation of the ADA whose remedy is readily achievable.

B. Some designated accessible parking signage is mounted below the required height, in violation of the ADA whose remedy is readily achievable.

C. There is no accessible route from the designated accessible parking to the entrance partly due to barrier posts blocking the ramp, ramps with no level landing and excess slope, and routes with excess cross slope, in violation of the ADA whose remedy is readily achievable.

D. There are cracks and changes in level along the accessible route from the designated accessible parking to the entrance, in violation of the ADA whose remedy is readily achievable.

E. Some designated accessible parking spaces are not connected to an accessible route and require travel through the vehicular way to access the facility, in violation of the ADA whose remedy is readily achievable.

The Restrooms:

F. Restroom signage is non-compliant including lacking the international symbol of accessibility, in violation of the ADA whose remedy is readily achievable.

G. Restroom doors require well-over 5lbs of pressure to operate, in violation of the ADA whose remedy is readily achievable.

H. The women's restroom contains amenities, including a paper tower dispenser, that are mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

I. The women's restroom water closet seat height is below allowable height range, in violation of the ADA whose remedy is readily achievable.

J. The women's restroom toilet compartment door is not self-closing and lacks door pulls on both sides, in violation of the ADA whose remedy is readily achievable.

K. The men's restroom contains amenities, including a paper tower dispenser, that are mounted in excess of allowable reach range, in violation of the ADA regulations whose remedy is readily achievable.

L. The men's restroom water closet seat height is below allowable height range, in violation

of the ADA regulations whose remedy is readily achievable.

<u>Policies and Procedures</u>

    M. The operator lacks or has inadequately defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is readily achievable.

12. The discriminatory violations described in Paragraph 11 by the pharmacy are not an exhaustive list of the Defendants' ADA violations. Plaintiff requires further inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

13. Plaintiff restates the allegations of ¶¶1-12 as if fully rewritten here.

14. The pharmacy, as owned by Defendant, is a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") and Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

15. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendants' failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until

Defendants are compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

16. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

17. Pursuant to 42 U.S.C. §12188, Plaintiff requests that the Court issue an injunction requiring Defendants to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

### COUNT II
### VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW
### O.R.C. §4112.01 et seq.

18. Plaintiff restates the allegations of ¶¶1-17 as if fully rewritten here.

19. The pharmacy, as owned or operated by Defendants, is a "place[s] of public accommodation" pursuant to O.R.C. § 4112.01(A)(9).

20. Defendants committed an unlawful act pursuant to O.R.C. § 4112.02(G) by denying Plaintiff full enjoyment of its accommodations, advantages, facilities, or privileges. Defendants' acts are willful, severe and ongoing. WHEREAS, the Defendants have failed provide accessible public accommodations and accessible routes for Ms. Caruso and other patrons and fail to provide accessible restroom accommodations for persons

with disabilities. Furthermore, the excess door pressure to access the women's restroom was so severe, that a pharmacy employee (who acknowledged this is a persistent barrier) had to force the door open for Ms. Caruso.

21. Pursuant to O.R.C. §4112.99, Plaintiff is entitled to compensatory and punitive damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendants to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (0074743)
Law Office of Owen B. Dunn, Jr.
The Ottawa Hills Shopping Center

4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net

and

Valerie J. Fatica (0083812)
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 654-1622 – Phone
(419) 241-9737 - Facsimile
Email: valeriefatica@gmail.com